FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 19, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 2:22-CV-262-RMP <br><br> ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Thomas P.[1], ECF No. 13, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 16.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of his claims for Social Security Income ("SSI") under Title XVI, and Disability Insurance Benefits ("DIB") under Title II, of the Social Security Act (the "Act").  *See* ECF No. 13 at 2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 1

Having considered the parties' briefs including Plaintiff's reply, ECF No. 17, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

*General Context*

Plaintiff applied for SSI and DIB on May 11, 2020, alleging onset on April 1, 2016. Administrative Record ("AR")[2] 240–53. Plaintiff was 27 years old on the alleged disability onset date and asserted that he was unable to work due to: schizoaffective disorder, bipolar disorder, and substance abuse disorder. AR 281. Plaintiff's claims proceeded to a telephonic hearing before Administrative Law Judge ("ALJ") Jesse Shumway on October 18, 2021. AR 35–38. Plaintiff was present and represented by attorney Timothy Anderson. AR 35–38. The ALJ heard from vocational expert ("VE") Mark Mann, medical expert Tonia Porchia, PsyD and from Plaintiff. AR 35–64. ALJ Shumway issued an unfavorable decision on November 3, 2021. AR 15–28.

/ / /

/ / /

---

[2] The Administrative Record is filed at ECF No. 11.

*ALJ's Decision*

Applying the five-step evaluation process, ALJ Shumway found:

**Step one:** Plaintiff has not engaged in substantial gainful activity ("SGA") since April 1, 2016, the alleged onset date. AR 18 (citing 20 C.F.R. §§ 404.1520(b), 404.1571 *et seq.*, 416.920(b), and 416.971 *et seq.*). The ALJ further found that Plaintiff worked after the alleged disability onset date at SGA levels for around five months, but "none of his work after the alleged onset date lasted more than six months, and it all ended because of his alleged impairments." AR 18. Therefore, the ALJ found that Plaintiff's work activity qualifies as unsuccessful work attempts. AR 18.

**Step two:** Plaintiff has the following severe impairments: polysubstance use disorders (primarily methamphetamine, opiates, and marijuana); schizoaffective disorder; and attention deficit hyperactivity disorder ("ADHD"). AR 18 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). The ALJ found that schizophrenia and post-traumatic stress disorder ("PTSD") are not medically determinable impairments based on Plaintiff's record. AR 18.

**Step three:** Including Plaintiff's substance use, the severity of Plaintiff's impairments meets the criteria of sections 12.03, 12.04, and 12.11 of 10 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 416.920(d), and 416.925). The ALJ further found that if Plaintiff stopped the substance use, the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 3

remaining limitations would cause more than a minimal impact on Plaintiff's ability to perform basic work activities; therefore, Plaintiff would have a severe impairment or combination of impairments. AR 20. However, if Plaintiff stopped the substance use, Plaintiff would not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. AR 20.

**Residual Functional Capacity ("RFC"):** The ALJ concluded that, if Plaintiff stopped the substance use, Plaintiff would have an RFC to perform a full range of work at all exertional levels with the following nonexertional limitations: "he would be limited to simple, routine tasks; he could have only superficial contact with the public and coworkers, with no collaborative tasks; and he would require a routine, predictable work environment with no more than occasional, simple changes." AR 21.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, "[h]owever, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 21.

**Step four:** The ALJ found that Plaintiff can perform, but does not have, past relevant work. AR 27 (citing 20 C.F.R. §§ 404.1568 and 416.968). Therefore,

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 4

1   transferability of job skills is not an issue. AR 27 (citing 20 C.F.R. §§ 404.1568 and
2   416.968).

3       **Step five:** The ALJ found that Plaintiff has at least a high school education
4   and that given Plaintiff's age, education, work experience, and RFC, if Plaintiff
5   stopped substance use, there are jobs that exist in the national economy that Plaintiff
6   can perform. AR 27 (citing 20 C.F.R. § 404.1560(c), 404.1566, 416.960(c), and
7   416.966). The ALJ recounted that the VE testified that Plaintiff would be able to
8   perform the requirements of representative occupations such as battery stacker
9   (medium, unskilled work with approximately 34,220 jobs nationwide); floor waxer
10  (medium, unskilled work with approximately 118,300 jobs nationwide); and laundry
11  worker II (medium, unskilled work with approximately 66,690 jobs nationwide).
12  AR 27.

13      Lastly, the ALJ found that the substance use disorder is a contributing factor
14  material to the determination of disability because Plaintiff would not be disabled if
15  he stopped the substance use. AR 27 (citing 20 C.F.R. §§ 404.1520(g), 404.1535,
16  416.920(g), and 416.935). The ALJ concluded that Plaintiff "[b]ecause the
17  substance use disorder is a contributing factor material to the determination of
18  disability," had not been under a disability, as defined in the Act, anytime from the
19  alleged onset through the date of this decision. AR 27–28.
20
21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 5

1    Through counsel, Victoria B. Chhagan, Plaintiff sought review of the ALJ's

2    decision in this Court.  ECF No. 1.

3    **LEGAL STANDARD**

4    *Standard of Review*

5    Congress has provided a limited scope of judicial review of the

6    Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

7    Commissioner's denial of benefits only if the ALJ's determination was based on

8    legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

9    993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

10   determination that a claimant is not disabled will be upheld if the findings of fact are

11   supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

12   1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

13   scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112,

14   1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

15   1989).  Substantial evidence "means such evidence as a reasonable mind might

16   accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

17   401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the

18   [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark*

19   *v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the Court considers the

20

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 6

record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

**Definition of Disability**

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 7

definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R §§ 416.920, 404.1520. Step one determines if they are engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. §§ 416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

1    If the impairment is not one conclusively presumed to be disabling, the

2 evaluation proceeds to the fourth step, which determines whether the impairment

3 prevents the claimant from performing work that they have performed in the past.  If

4 the claimant can perform their previous work, the claimant is not disabled.  20

5 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC

6 assessment is considered.

7    If the claimant cannot perform this work, the fifth and final step in the process

8 determines whether the claimant is able to perform other work in the national

9 economy considering their RFC, age, education, and past work experience.  20

10 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142

11 (1987).

12    The initial burden of proof rests upon the claimant to establish a prima facie

13 case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

14 Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden

15 is met once the claimant establishes that a physical or mental impairment prevents

16 them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The

17 burden then shifts, at step five, to the Commissioner to show that (1) the claimant

18 can perform other substantial gainful activity, and (2) a "significant number of jobs

19 exist in the national economy" that the claimant can perform.  *Kail v. Heckler*, 722

20 F.2d 1496, 1498 (9th Cir. 1984).

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 9

# ISSUES ON APPEAL

Plaintiff raises the following issues regarding the ALJ's decision:

1. Did the ALJ erroneously assess the medical source opinion of the testifying medical expert?
2. If the ALJ erred, what is the appropriate remedy?

***Medical Source Opinion***

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of testifying psychologist Dr. Porchia that substance use was not the cause of Plaintiff's disability. ECF No. 13 at 16; *see also id.* at 14 (contending that the ALJ's rejection of Dr. Porchia's testimony was "unsound"). Plaintiff argues that the ALJ "called an ME to help him make a DAA materiality finding, but appeared to have decided that DAA was material prior to the hearing." *Id.* Plaintiff continues that the ALJ disregarded that: (1) Dr. Porchia established that Plaintiff's symptoms "were more consistent with a combination of schizoaffective disorder, bipolar type, and ADHD than with substance abuse"; and (2) a claimant need not have a period of abstinence to qualify for disability benefits. *Id.* at 14–15. Plaintiff asserts that the ALJ did not rely on substantial evidence to find that Plaintiff's mental functioning improved to the point of non-disability. ECF No. 17 at 2.

The Commissioner responds that the ALJ reasonably found Dr. Porchia's opinion persuasive. ECF No. 16 at 4. The Commissioner argues that the ALJ's

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 10

observation "that Dr. Porchia mischaracterized the record and failed to evaluate the evidence during Plaintiff's periods of sobriety" is based on substantial evidence. *Id.* at 4–5 (citing AR 25).  Specifically, the Commissioner argues that Dr. Porchia "generally asserted" that Plaintiff remained markedly impaired during a period of sobriety from November to December 2019, but "she cited objective evidence from another period when Plaintiff was actively abusing drugs." *Id.* at 5.  *Id.* at 5 (citing AR 56, 511–23).  The Commissioner also cites to a record for the proposition that Plaintiff's insight and judgment were good between November 2018 and January 2019, which the Commissioner asserts conflicts with Dr. Porchia's testimony that Plaintiff's insight and judgment remained poor even while sober. *Id.* at 5 (citing AR 25, 546, 549, and 555).  The Commissioner continues that the ALJ reviewed substantial medical evidence that was inconsistent with Dr. Porchia's testimony by showing that: (1) Plaintiff had several periods of time when he was not abusing drugs; and (2) during a period of sobriety, in January 2019, Plaintiff demonstrated normal thought process and content, normal memory, good eye contact, a cooperative and attentive manner, and a euthymic affect.  AR 22 (citing AR 546–47).

      The regulations that took effect on March 27, 2017, provide a new framework for the ALJ's consideration of medical opinion evidence and require the ALJ to articulate how persuasive he finds all medical opinions in the record, without any

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 11

1  hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the

2  Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18,

3  2017).  Instead, for each source of a medical opinion, the ALJ must consider several

4  factors, including supportability, consistency, the source's relationship with the

5  claimant, any specialization of the source, and other factors such as the source's

6  familiarity with other evidence in the claim or an understanding of Social Security's

7  disability program.  20 C.F.R. §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5).

8       Supportability and consistency are the "most important" factors, and the ALJ

9  must articulate how he considered those factors in determining the persuasiveness of

10 each medical opinion or prior administrative medical finding.  20 C.F.R. §§

11 404.1520c(b)(2); 416.920c(b)(2).  With respect to these two factors, the regulations

12 provide that an opinion is more persuasive in relation to how "relevant the objective

13 medical evidence and supporting explanations presented" and how "consistent" with

14 evidence from other sources the medical opinion is.  20 C.F.R. §§ 404.1520c(c)(1);

15 416.920c(c)(1).  The ALJ may explain how he considered the other factors, but is

16 not required to do so, except in cases where two or more opinions are equally well-

17 supported and consistent with the record.  20 C.F.R. §§ 404.1520c(b)(2), (3);

18 416.920c(b)(2), (3).  Courts also must continue to consider whether the ALJ's

19 finding is supported by substantial evidence.  *See* 42 U.S.C. § 405(g) ("The findings

20

21

of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Prior to revision of the regulations, the Ninth Circuit required an ALJ to provide clear and convincing reasons to reject an uncontradicted treating or examining physician's opinion and provide specific and legitimate reasons where the record contains a contradictory opinion. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). However, the Ninth Circuit has held that the Social Security regulations revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022). The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations." *Id*. at *15 (internal citation omitted). Recently, the Ninth Circuit has further held that the updated regulations comply with both the Social Security Act and the Administrative Procedure Act, despite not requiring the ALJ to articulate how he or she accounts for the "examining relationship" or "specialization factors." *Cross v. O'Malley*, No. 23-35096, 2024 U.S. App. LEXIS 302 at *7–12 (9th Cir. Jan. 5, 2024).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 13

Accordingly, as Plaintiff's claim was filed after the new regulations took effect, the Court refers to the standard and considerations set forth by the revised rules for evaluating medical evidence. *See* AR 240–53.

In addition, as Plaintiff's record contains significant evidence of alcohol and drug use, the ALJ was required to conduct a drug addiction and alcoholism ("DAA") analysis to determine whether Plaintiff's disabling limitations remain in the absence of drug and alcohol use. 20 C.F.R. §§ 404.1535, 416.935; *see also Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001) (holding that if an ALJ finds Plaintiff disabled, and there is evidence of drug or alcohol abuse, then the ALJ must determine whether the drug and/or alcohol use is a contributing factor material to the determination of disability). If a claimant's remaining limitations would not be disabling without DAA, then the claimant's substance use is material and the ALJ must deny benefits. *Parra v. Astrue*, 481 F.3d 742, 747–48 (9th Cir. 2007). The claimant "bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability." *Id.* at 748.

The ALJ, here, found that based on all of Plaintiff's impairments, including his substance use disorder, Plaintiff's impairments would meet the criteria of several listings and, therefore, qualify Plaintiff as disabled at step three. AR 18. However, the ALJ then found that if Plaintiff stopped his substance use, Plaintiff would still have a severe impairment or combination impairments but would no longer meet a

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 14

listing. AR 20. Moreover, the ALJ found, in the absence of substance use, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 27.

In assessing the persuasiveness of medical source opinions in the record, the ALJ found Dr. Porchia's opinion unpersuasive. AR 25. The ALJ reasoned, in part:

> [Dr. Porchia's] testimony demonstrated insufficient grasp of the record and the agency's policy for evaluating drug and alcohol abuse. She repeatedly mischaracterized the record and failed to evaluate the evidence during periods of sobriety with any specificity. In particular, she testified that she was unable to even identify any periods of sobriety, yet she offered an opinion regarding the "B" criteria only in the absence of substance abuse, which has no basis whatsoever. When the representative pointed her to evidence of one period of sobriety at 5F, pages 23 to 35 between November 2019 to December 2019, she asserted generally that the claimant remained markedly impaired during that period, but when I questioned her about the specific basis for that opinion, she did not cite objective evidence from that period, but rather from other periods when claimant was actively abusing drugs. She asserted, contrary to exhibit 5F/58-68 that the claimant's insight and judgment were poor even when sober. She failed to address any of the evidence discussed above in my symptom evaluation. She did not even mention exhibits 4F or 11F, which I find to be the most compelling evidence of the claimant's functioning in the absence of drug abuse. She claimed two psychiatric evaluations opined that the claimant would be significantly limited without substance abuse, but they do no such thing (Ex 1F, 16F). While I agree with her that the claimant is markedly limited, I find this only to be the case when substance abuse is included, and I find her analysis of claimant's functioning without substance abuse illogical and inconsistent with the evidence in the record.

AR 25.

The ALJ's reasoning is supported by substantial evidence. For instance, as the ALJ detailed earlier in his decision, Dr. Porchia cited to a July 2020 record to

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 15

support her opinion that Plaintiff "started to slowly decline again being depressed, anxious, feeling overwhelmed, stressed out" even while he had "been clean in terms of his report since March of 2020[.]" AR 48. However, that July 2020 treatment record indicates only that Plaintiff had ceased his medications, not substance use, in March 2020. AR 952–53. In addition, as the ALJ cites, another record supports that Plaintiff reported substance use in May 2020, in the middle of that alleged period of sobriety. AR 25, 688. In addition, Dr. Porchia testified that, even if Plaintiff did not abuse drugs or alcohol his "extreme difficulties" with anxiety and depression would still be present. AR 51. However, Dr. Porchia did not refer to any record demonstrating "a period when [Plaintiff] was engaged in treatment, was being regularly observed, and was clean and sober." AR 58. Rather, when Plaintiff's counsel directed Dr. Porchia to evidence of one period of sobriety between November 2019 to December 2019, Dr. Porchia asserted generally that the claimant remained markedly impaired during that period. When the ALJ requested cites to findings in that November to December 2019 period supporting marked limitations even without substance use, Dr. Porchia cited to other portions of the record, from other periods in time, when substance use was present. *See* AR 58–60 (hearing transcript), 511–514 (December 2019 records cited by Dr. Porchia, but which contain unremarkable mental status examination findings); 359–60 (2016 treatment record in which Plaintiff reported that he was intoxicated by methamphetamine).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 16

In sum, the ALJ's reasoning goes to the key factor of supportability, and the ALJ relied on substantial evidence. Furthermore, Plaintiff does not proffer support other than Dr. Porchia's testimony, the ALJ's treatment of which the Court finds reasonable, for finding that Plaintiff's substance use was not a contributing factor material to Plaintiff's disability. *See Parra*, 481 F.3d 748. Accordingly, the Court shall enter judgment in favor of the Commissioner and affirm the ALJ's decision with respect to his treatment of Dr. Porchia's opinion and his assessment that DAA is a contributing factor material to the determination of disability.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Opening Brief, **ECF No. 13**, is **DENIED**.
2. Defendant the Commissioner's Brief, **ECF No. 16**, is **GRANTED**.
4. Judgment shall be entered for Defendant.
5. The District Court Clerk shall amend the docket in this matter to substitute Martin O'Malley as the Commissioner of the Social Security Administration.

/ / /

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 17

1    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2    Order, enter judgment as directed, provide copies to counsel, and **close the file** in

3    this case.

4    **DATED** March 19, 2024.

5

6                                              *s/ Rosanna Malouf Peterson*
                                             ROSANNA MALOUF PETERSON
                                             Senior United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 18